## THE VULCANIA.

## SACHS v. ITALIA SOCIETA ANONIMA DI NAVIGAZIONE.

District Court, S. D. New York.
April 9, 1940.

Peter T. Kourides, of New York City (Silas B. Axtell of New York City, Dominick Blasi, of Brooklyn, N. Y., of counsel), for libelant.

Dorsey & Flynn, of New York City, for respondent.

HULBERT, District Judge.

Hearing upon exceptions to a libel in an action in Admiralty.

There are six exceptions, some of which are divided into subdivisions. A number are formal, and others set forth affirmative statements not contained in the libel which alone may be considered, and must, for present purposes, be taken as true.

Ordinarily courts of admiralty are not limited by narrow channels of legislative authority for the exercise of jurisdiction which may, in certain cases, be entertained in suits entirely between foreigners when proper service can be had or property attached, but it is discretionary with the Court whether it will accept such jurisdiction or not. See Benedict on Admiralty, 5th Ed., Vol. 1, Sec. 84, and cases there cited. Special provision however, is made for suits in Admiralty of this character.

The "Death On The High Seas By Wrongful Act" statute (Title 46 U.S.C.A. §§ 761 to 768) provides a right of action for the death of a person occurring on the high seas if caused by "wrongful act" "neglect" or "default" (Sec. 761) and a right of action is also maintainable in our courts where such right is created by foreign law (Sec. 764).

The libelant contended upon the argument of the exceptions that the suit is based upon that statute and the respondent

indicated that it so understood but believed the libelant had limited himself to Section 761.

Briefly stated, the facts are:

Italia Societa Anonima di Navigazione is a foreign corporation organized and existing under the laws of the Kingdom of Italy, having an office for the transaction of its business in the Borough of Manhattan, City of New York, within this District, and is a public carrier for hire, owning and operating vessels for the transport of passengers, baggage and freight between the Ports of New York and Naples, Italy, and other Mediterranean Ports, including a certain vessel known as the Steamship "Vulcania."

On May 21, 1936, Peter Diamant was adjudged by the Probate Court of the County of New Haven, State of Connecticut, to be an incompetent person and was committed to the Connecticut State Hospital at Middletown, Connecticut, and libelant was appointed as the conservator of his estate.

On November 25, 1937, Antonio Clementino, repatriation agent for the Commissioner of Welfare of the State of Connecticut, purchased from, and paid the sum of $139.50 to, the respondent at its ticket office at New Haven, Connecticut, and received therefor ticket No. 760184, constituting a contract for the transportation of Diamant on the Steamship "Vulcania" sailing from New York on November 27, 1937, for Patras, Greece.

At the time said ticket was purchased, Clementino disclosed to the respondent that Diamant was an incompetent committed to a State Institution for the Insane and respondent arranged to transport Diamant in its hospital aboard ship under the custody of its medical officers and warranted to Clementino that it would guard and safely transport the incompetent to his destination.

On November 26, 1937, Clementino, relying upon the warranty of the respondent, surrendered Diamant to the hospital aboard the Steamship "Vulcania" in care of one of the respondent's medical officers. It is alleged that throughout the entire voyage "up to the final day" Diamant remained in the hospital in the custody of the ship's doctors and guarded by the hospital orderlies, but that during the night of December 10th, "by reason of the respondent's breach of its warranty and duty to guard the said incompetent, he was left unguarded in the ship's hospital and disappeared", and that investigation by the respondent revealed that he had thrown himself overboard through a porthole and his body has never been found.

The libelant is a citizen of the United States and was, on the 18th day of February, 1938, granted letters of administration by the Probate Court of the County of New Haven, State of Connecticut, and on the 27th day of September, 1939, was granted limited ancillary letters of administration by the Surrogate's Court of New York County, New York.

To render the respondent or its ship liable under the Act there must be some legal duty owed to the decedent. The Black Gull, 2 Cir., 82 F.2d 758.

The libel appears to be sufficient on its face to establish a cause of action under Section 761, but the Court will not judicially notice the Italian laws (The Silverpalm, 9 Cir., 79 F.2d 598), which must be alleged and established like any other issue of fact.

The statutory period for the commencement of a suit under the statute is two years from the date of death (Sec. 763) unless its maintenance is based upon a right of action granted by the law of a foreign state where the period of limitation is less than two years. The Vestris, D.C.N.Y., 53 F.2d 847.

It is averred by the respondent, however, that the ticket for Diamant's transportation from New York to Patras, Greece, contains recitals (not set forth in the libel) which require the giving of notice within six months and the commencement of suit within one year as authorized by Title 46 U.S.C.A. § 183b (a). But there are qualifications upon this limitation enumerated in subdivisions (b) (1) (2) (3) and particularly (c), which reads: "If a person who is entitled to recover on any such claim is mentally incompetent or a minor, or if the action is one for wrongful death, any lawful limitation of time prescribed in such contract shall not be applicable so long as no legal representative has been appointed for such incompetent, minor, or decedent's estate, but shall be applicable from the date of the appointment of such legal representative: Provided, however, That such appointment is made within

three years after the date of such death or injury." I think this objection is more properly a matter of defense than exception.

Although this Court may take judicial notice of the statutes of Connecticut, it cannot determine, in the absence of the record, that the Probate Court of that State, or the Surrogate's Court of New York, did not have jurisdiction to grant letters of administration, and if Diamant was insane, it is a reasonable inference that the State of Connecticut acted in his behalf through Clementino, its agent.

 While the statute provides that the recovery shall be a fair and just compensation for the pecuniary loss sustained by the person for whose benefit the action is brought, it does not matter that the mother, sisters and brothers of the decedent, alleged to be his only heirs at law and next of kin, are all residents of Greece; that is unrelated to the question of jurisdiction or the sufficiency of the libel. Nor can it be said as a matter of law that they have not been "deprived of great contributions" by reason of the mental condition of the decedent at the date of his death and for sometime prior thereto. That is a matter of proof if liability is established.

To the extent that the libel does not allege a cause of action under Title 46 U.S.C.A. § 764, the exceptions are sustained with leave to libelant to amend within twenty days; in all other respects the exceptions are overruled. Settle order on notice if not consented to as to form.