Reva McLAUGHLIN, individually and as Administratrix of the Estate of Clarence R. McLaughlin, deceased, and Diane Sherry McLaughlin, an infant by Reva McLaughlin, her Guardian ad Litem, Plaintiffs,

v.

BLIDBERG ROTHCHILD COMPANY, Inc., and States Marine Corporation of Delaware, Defendants.

United States District Court
S. D. New York.

Nov. 13, 1957.

See also, 156 F.Supp. 381.

Marvin Schwartz, New York City, for plaintiff. Betty H. Olchin, New York City, of counsel.

Hill, Betts & Nash, New York City, for defendant States Marine Corp. of Deleware.

LEVET, District Judge.

The defendant, *States Marine Corporation of Delaware* (hereinafter designated as Marine), has moved for an order dismissing the above-entitled action (Civil 122–314) on the ground that an earlier instituted libel in admiralty (Admiralty No. 189–358) is pending for the same recovery, that plaintiffs are precluded from bringing this action at law, and that this action is vexatious and causing defendant Marine to defend two actions for the same recovery.

On November 2, 1956, Reva McLaughlin, Administratrix of the Estate of Clarence R. McLaughlin, Deceased, instituted an admiralty libel (Admiralty No. 189–358) against the S.S. Northport and against Blidberg Rothchild Company, Inc. (hereinafter designated as Blidberg), as respondents. Subsequently, on or about December 18, 1956, respondent Blidberg impleaded Marine.

Blidberg contended in its impleading petition that on or about March 29, 1956, it had chartered the vessel involved, to wit, the S.S. Northport, to the Eastport Steamship Corporation for a period of about nine to twelve months; that thereafter and on May 23, 1956, the said Eastport Steamship Corporation had in turn chartered the vessel to Marine for a minimum of eight and a maximum of

ten months from on or about June 25, 1956; that the said charter party agreement provided that the charterer, said Marine, was to load, stow, trim and discharge the cargo; that on November 2, 1956, Reva McLaughlin, Administratrix of the Estate of Clarence R. McLaughlin, Deceased, had filed a libel in this court against the S.S. Northport and Blidberg for the alleged wrongful death of Clarence R. McLaughlin on August 29, 1956, while he was employed aboard the S.S. Northport as a member of the crew, said wrongful death being allegedly due to a fall into a hold of the vessel; that at and prior to the time of the alleged accident and resulting injuries and death, Marine was engaged in the operation of discharging cargo from the S.S. Northport; that if the injuries and resulting death of libelant's intestate were not due to his own negligence, said injuries were caused not by negligence on the part of Blidberg or any defect in the vessel, but were caused by the negligence and carelessness of Marine, and that if any liability arises against Blidberg, then all such liability arose from the fault and negligence of Marine, etc.

Thereafter, and on May 31, 1957, the answer of the impleaded-respondent Marine (in Admiralty Nos. 189–358) was filed in this court.

This suit (Admiralty Nos. 189–358) insofar as it was directed against Blidberg is as follows:

The first cause of action is for death under the Jones Act, Title 46 U.S.C.A. § 688. The second cause of action is for death and is based upon failure to provide a safe and seaworthy vessel and appliances and is stated to be "under the general maritime law and the Death on the High Seas Act [46 U.S.C.A. § 761 et seq.] for the recovery of damages for libelant's intestate's wrongful death." The third cause of action is for pain and anguish from the time of the accident until death, based apparently upon negligence, whereas the fourth cause of action is for pain and anguish from the time of the injury until the time of death, apparently based upon failure to furnish libelant's intestate with a safe and seaworthy vessel and appliances. Respondent Blidberg answered this libel by answer filed on December 18, 1956.

No jury trial was demanded by the impleaded-respondent Marine and it is now more than ten days after the aforesaid joinder of issue as to Marine.

Subsequently, however, on July 19, 1957, *Reva McLaughlin, individually* and as Administratrix of the Estate of Clarence R. McLaughlin, deceased, and *Diane Sherry McLaughlin, an infant* [daughter of decedent], by Reva McLaughlin, her Guardian ad Litem, as plaintiffs, instituted an action at law against Blidberg and Marine, as defendants (Civil 122–314). Plaintiffs demanded a trial by jury. The complaint sought the following relief against defendant Marine:

The first cause of action alleges that Marine was the charterer of the S.S. Northport under a contract providing that Marine was to load, stow, trim and discharge the cargo; that as a result of the negligence and carelessness of Marine the deceased was caused to fall into a hold of the vessel, sustaining severe injuries which resulted in his death; that at the time, Marine was engaged in the operation of discharging cargo at Yokohama, Japan, and that under the laws of Japan the plaintiffs are given a cause of action for the wrongful death of decedent, citing Book III, Chapter V, Articles 709, 710, 711 of the Civil Code of Japan.[1] The second cause of action

---

1. These Articles are said to be as follows:
  "Article 709—A person who violates intentionally or negligently the right of another is bound to make compensation for damage arising therefrom."
  "Article 710—A person who is liable in damages in accordance with the provisions of the preceding Article must make compensation therefore even in respect of a non-pecuniary damage, irrespective of whether such injury was to the person, liberty or reputation of another or to his property rights."
  "Article 711—A person who has caused the death of another is liable in damages to the parents, the spouse and the children of the deceased, even in cases where no property right of theirs has been violated."

is based upon similar allegations except that it is on account of pain and anguish until the time of death.

The defendant Marine on this motion contends that Reva McLaughlin irrevocably elected to seek her remedy in admiralty when she permitted more than ten days to elapse from the time of its answer in that action (Admiralty No. 189–358), without taking steps to seek trial by jury; that without the action for negligence given by the Jones Act, she is not entitled to have her other causes heard at law, with trial by jury and that the second action is vexatious in causing Marine to defend two actions for the same recovery.

The plaintiffs in opposing this motion point out that (1) the action against Marine (Civil 122–314) is brought by the *widow individually and as administratrix, and the infant daughter,* by her Guardian ad Litem, for wrongful death, and that under the laws of Japan, upon which this action is based, the cause of action is given directly to the parents, spouse and children of the deceased; (2) there is no other action pending in this or any other jurisdiction at law or admiralty wherein the parties are the defendant Marine and the plaintiffs are Reva McLaughlin individually and Diane Sherry McLaughlin, an infant, by her Guardian ad Litem; (3) in this action the jurisdiction is based upon diversity of citizenship, plaintiffs being residents of New York and defendant Marine a Delaware corporation; (4) the Jones Act is not involved in this action of spouse and infant daughter based upon the Japanese law; (5) there is no reason why the personal representative of the deceased cannot proceed under the Jones Act against the employer of the deceased, while at the same time the deceased's widow and child are bringing a civil suit under the Japanese law, where jurisdiction of this court at law is based upon diversity of citizenship; (6) the personal representative has not pleaded against Marine in the admiralty action (Admiralty No. 189–358); (7) the recovery sought under the Jones Act differs from that under the Japanese law since, it is argued, the Jones Act is limited to pecuniary loss of each beneficiary, while under the Japanese law it is not so limited and recovery may be had in cases where no property right has been violated; (8) the defendant will not be vexed because the plaintiffs will move to consolidate the two actions for purposes of trial.

The determination of this motion does not appear to involve any doctrine of election under the Jones Act, Title 46 U.S.C.A. § 688. The parties are not wholly identical. It is true that as against Marine, plaintiffs in the second action (Civil 122–314) may be entitled to a jury trial. But this is not determinative. See McAfoos v. Canadian Pacific Steamships, Ltd., 2 Cir., 1957, 243 F.2d 270.

Accordingly, this motion is denied. However, a joint trial of Civil Action No. 122–314 and Admiralty No. 189–358, in accordance with Rule 42(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. is hereby ordered since common questions of fact are involved.

So ordered.