Ruth M. NOEL and Wm. H. Frantz, Executors of the Estate of Marshal L. Noel, Deceased, and

Sharon Noel and Marcia Noel, minors by their natural guardian, Ruth M. Noel, Patricia N. Reinhart and Ruth M. Noel, in her own right, Libellants,

v.

AIRPONENTS, INC., Respondent.

Civ. A. No. 676-58.

United States District Court
D. New Jersey.

Dec. 23, 1958.

David J. Goldberg, Trenton, N. J. (Stephen M. Feldman, Philadelphia, Pa., of counsel), for libellants.

Purvis Brearley, Trenton, N. J. (Wm. J. Junkerman, New York City, of counsel), for respondent.

WILLIAM F. SMITH, District Judge.

This is a suit in admiralty in which the personal representatives of the decedent, as libellants, assert a claim for damages under Section 1 of the Death on the High Seas Act, 46 U.S.C.A. § 761 (First Cause of Action). The matter is before the Court at this time on the motion of the respondent, consistent with exceptions filed herein, to dismiss the libel on the ground that it fails to "state facts sufficient to constitute" a cause of action. The question presented for determination is a novel one in the field of aviation law.

The pertinent provisions of the section under which the claim for damages is here made reads as follows:

"Whenever the death of a person shall be caused by wrongful act, neglect, or default occurring on the high seas beyond a marine league from the shore of any State, * * *, the personal representative of the decedent may maintain a suit for damages in the district courts of the United States, in admiralty, for the exclusive benefit of the decedent's wife, husband, parent, child, or dependent relative against the vessel, person, or corporation which would have been liable if death had not ensued."

This statute was enacted prior to the advent of international commercial air travel but has nevertheless been held applicable where, as here, death has been proximately caused by aircraft accidents in the airspace over the high seas. See the well-reasoned opinion of Judge Good-

man in the case of Wilson v. Transocean Airlines, D.C., 121 F.Supp. 85; see also Higa v. Transocean Airlines, D.C., 124 F.Supp. 13; but see Noel v. Linea Aeropostal Venezolana, 2 Cir., 247 F.2d 677, 680, certiorari denied 355 U.S. 907, 78 S.Ct. 334, 2 L.Ed.2d 262, a companion case in which the question as to the applicability of the statute was not decided.

The essential facts, as pleaded in the libel, may be briefly summarized as follows: first, the decedent engaged passage and was ultimately a passenger on an aircraft of Venezuelan registry, owned and operated by Linea Aeropostal Venezolana; second, the aircraft departed from Idlewild Airport en route from New York to Caracas, Venezuela; third, the aircraft, at a point about thirty miles off the coast of Asbury Park, New Jersey, "burned, exploded, went out of control and crashed into the sea"; fourth, as a result of the accident the decedent suffered injuries from which he thereafter died; and fifth, the accident was caused by the negligence of the agents and servants of Airponents, Incorporated, the respondent herein, a New Jersey corporation, who had inspected and serviced the aircraft prior to its departure.

█ It would clearly appear from the summary of the facts that the tortious acts of the respondent, if the allegations of the libel are accepted as true, were committed within the territorial limits of the State of New York and that their disastrous consequence followed when the aircraft was in the airspace over the high seas. The alleged tort must therefore be regarded as maritime in nature. It has been held that a maritime "tort is deemed to occur, not where the wrongful act or omission has its inception, but where the impact of the act or omission produces such injury as to give rise to a cause of action." Wilson v. Transocean Airlines, supra, 121 F.Supp. 92. This is consistent with the general rule.

█ It is well established that ordinarily tort liability, and this includes liability for wrongful death, must be determined under the lex loci delicti, here the airspace over the high seas. However, the narrow question here presented is whether we should adopt as the law of the case the provisions of the Death on the High Seas Act, supra, or the law of the aircraft's registry, to wit, Venezuela. The determination of the question is of particular importance to the litigants in view of the opinion expressed by Jose Andres Octavio,[1] an attorney-at-law of Venezuela, that under the circumstances of this case there is no cause of action under the law of Venezuela. We might note that this opinion is not disputed by the libellants.

It is argued by counsel for the respondent that Section 1 of the Act, supra, does not create a cause of action for wrongful death where, as here, the death occurs on board a foreign aircraft over the high seas. It is argued that under such circumstances the tort liability must be determined under the law of the aircraft's registry. This argument rests on a traditional principle of maritime law that ordinarily the law of the ship's flag is determinative of its tort liability. We are of the opinion that there cannot be a slavish adherence to this principle, in total disregard of other considerations, where the Court is called upon to resolve conflicts between competing laws.

It should be noted that the claim for damages, based upon the facts herein summarized, is asserted only against the agency which had serviced the plane prior to its departure, a domestic corporation. There is no claim for damages here made against the foreign carrier. It also should be noted that it appears from the brief of the libellants, although not pleaded in the libel, that the decedent had been a citizen of the United States and a resident of New Jersey. The parties to the present litigation are American nationals, and neither the foreign carrier nor the Republic of Venezuela appear to have any interest in the

1. Affidavit filed by respondent.

outcome. The tortious conduct of the respondent, which occurred within the territorial limits of this country, had their impact in the airspace over the high seas, the geographical area of the statute's applicability. These are important factors in the determination of the narrow question here presented and cannot be lightly disregarded.

We are of the opinion that the conflict of laws question presented here can be fairly and justly determined only under the formula announced and followed by the Supreme Court in the case of Lauritzen v. Larsen, 345 U.S. 571, 73 S.Ct. 921, 928, 97 L.Ed. 1254. While it is true that in the cited case the Court concluded that the law of the flag was determinative of the tort liability, it did so only after a "review (of) the several factors which, alone or in combination, are generally conceded to influence choice of law to govern a tort claim, particularly a maritime tort claim, and the weight and significance accorded them." The Supreme Court applied the law of the ship's flag upon a determination that there was "an overwhelming preponderance in favor of Danish law." See also the case of Uravic v. F. Jarka Co., 282 U.S. 234, 51 S.Ct. 111, 75 L.Ed. 312. It should be noted that in the latter case the Supreme Court, after consideration of the factors, held that the law of the ship's flag was not applicable.

It was stated by the Supreme Court in the case of Lauritzen v. Larsen, supra, 345 U.S. at page 582, 73 S.Ct. at page 928: "International or maritime law in such matters as this does not seek uniformity and does not purport to restrict any nation from making and altering its laws to govern its own shipping and territory. However, it aims at stability and order through usages which considerations of comity, reciprocity, and long-range interest have developed to define the domain which each nation will claim as its own. Maritime law, like our municipal law, has attempted to avoid or resolve conflicts between competing laws by ascertaining and valuing points of contact between the transaction and the states or governments whose competing laws are involved. The criteria, in general, appear to be arrived at from weighing of the significance of one or more connecting factors between the shipping transaction regulated and the national interest served by the assertion of authority."

We are of the opinion that in the choice of the lex loci delicti we should be influenced by the several factors favorable to the choice of the local law. We therefore conclude that the libellants are entitled to assert a claim for damages under Section 1 of the Death on the High Seas Act, supra. The motion of the defendant is therefore dismissed.