**Florence J. LAVELLO, as Administratrix of the Goods, Chattels and Credits which were of Francis J. Lavello, Deceased,**

v.

**Marie DANKO, as Executrix of the Estate of John F. Danko, Deceased.**

United States District Court
S. D. New York.
July 10, 1959.

Morris Pinsley, New York City, for libellant.

Newman & Katz, New York City, for respondent.

DAWSON, District Judge.

This is a motion to overrule peremptory exceptions to a libel. The action grows out of the crash of an airplane off Block Island, which is alleged to be more than one marine league from the nearest shore of any state. The action was brought in admiralty pursuant to the Death on the High Seas Act. 46 U.S.C.A. § 761 et seq. It is alleged that the death was caused solely as a result of the negligence, default and wrongful act of respondent's decedent in the operation of the airplane, in making faulty repairs and failure to make proper inspection. The exceptions to the libel urge that the alleged negligence, or some of the acts constituting the same, are alleged to have occurred elsewhere than on the high seas and that therefore the allegations of the libel do not give rise to a cause of action within the maritime jurisdiction of this Court.

Certainly some of the allegations of the libel allege negligence over the high seas, such as the allegation that respondent's decedent failed to operate the aircraft so as to avoid contact with the high seas.

In any event the death occurred on the high seas and "the alleged locale of the tortious act places it within the traditional tort jurisdiction of admiralty." Wilson v. Transocean Airlines, D.C. Cal.1954, 121 F.Supp. 85, 92.*

Even if the tortious conduct of the respondent's decedent occurred within the territorial limits of this State, if the impact of the tortious conduct took place in the air space over the high seas then this Court has jurisdiction under the Death on the High Seas Act. Noel v. Airponents, Inc., D.C.N.J.1958, 169 F.Supp. 348.

The motion to overrule the exceptions to the libel is granted. So ordered.

---

* "In applying the 'locality' test for admiralty jurisdiction, the tort is deemed to occur, not where the wrongful act or omission has its inception, but where the impact of the act or omission produces such injury as to give rise to a cause of action." Ibid., 121 F.Supp. at page 92.