**Ruth M. NOEL et al.**

v.

**UNITED AIRCRAFT CORP.**

No. 1781.

United States District Court
D. Delaware.

Jan. 24, 1961.

Murray M. Schwartz, Wilmington, Del., and Feldman & Feldman, Philadelphia, Pa., for plaintiffs.

William Prickett (of Prickett & Prickett), Wilmington, Del., for respondent.

LAYTON, District Judge.

This is an action based upon negligence wherein the estate of the decedent (plaintiffs) seeks to recover for the decedent's death which occurred when a Venezuelan airliner on which he was a passenger crashed into the sea more than one marine league off the shore of New Jersey. This suit is not brought against the Venezuelan airline, but against the manufacturer of the propellers with which the ship was equipped.

Some two years after the action was filed and after a great deal of discovery had been had, the plaintiffs moved to amend the complaint by adding a cause of action based upon an implied breach of warranty of fitness.

The defendant has interposed a number of objections to the granting of the amendment, only one of which will be considered at this time. It is the defendant's contention that the plaintiffs' sole right of action is based upon the Venezuelan law which precludes recovery under American law.

■ At the outset it should be observed that the plaintiffs "claim the benefit of all the laws of the United States of America and the following laws of Venezuela: The Civil Action Law of April 12, 1955 and the Civil Code of Venezuela." Such a conclu-

sory type of pleading is not permissible under Admiralty Rule 22, 28 U.S.C.A. Fernandez v. Linea Aeropostal Venezolana, D.C., 156 F.Supp. 94. But the important objection to the amendment is that the Venezuelan law controls here and no action based upon an implied breach of warranty can be maintained unless, of course, Venezuela permits recovery upon that ground in a situation such as this.

This action is predicated upon the Death on the High Seas Act, 46 U.S.C. A. §§ 761–767. As I read the Act, § 761 provides a cause of action for an American citizen killed upon the high seas [1] under the American flag while § 764 provides that whenever an American citizen is killed upon the high seas under a foreign flag his estate can recover damages based upon the law of that flag in a United States Court.

■ Plaintiffs' difficulty here is that the decedent was on an airliner flying a foreign flag when he met his death. According to all the authorities, the place where this tort occurred was the scene of the crash on the high seas and the law of Venezuela controls. The Scotland, 105 U.S. 24, 26 L.Ed. 1001; The Bourgoyne, 210 U.S. 95, 28 S.Ct. 664, 52 L.Ed. 973; The Titanic, 233 U.S. 718, 34 S.Ct. 754, 58 L.Ed. 1171; The Vestris, D.C., 53 F.2d 847; The Restatement, Conflicts, Sec. 404. Accordingly, if the law of Venezuela permits recovery for a wrongful death, then this action will be governed by the Venezuelan law.[2]

The plaintiffs cite Lauritzen v. Larsen, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed.

1254 as holding that, in such situations as this, there is a choice of jurisdictions and if the subject matter of the suit involves a preponderance of American interests the plaintiff may elect to proceed under American law. The plaintiffs can demonstrate satisfactorily that there are a preponderance of American relationships involved in this suit, viz.: the plaintiffs and defendant are both Americans, the defendant has a depot in this country, etc. However, I read Lauritzen as standing for no more than that a Danish seaman injured on a Danish ship in Cuban waters, having no right of recovery under Danish law,[3] has no right to bring an action for recovery under our Admiralty law by way of the Jones Act, 46 U.S.C.A. § 688. This seems to be the construction placed upon Lauritzen by Judge Dawson in Fernandez v. Linea Aeropostal Venezolana, D.C., 156 F.Supp. 94.

■ Plaintiffs' motion to amend will be denied at least until such time as he can demonstrate that the law of Venezuela affords no action for recovery under these circumstances. In order that a speedy determination of that question may be had, it is ordered that the plaintiffs file with this Court, within 20 days after the date hereof, all the Venezuelan law which seems to be applicable to these circumstances. After a full hearing, the nature and extent of which will be decided by the Court, this Court will determine whether or not a right of action is afforded by the law of Venezuela and any other matters relevant thereto.

Let an order be entered in accordance herewith.

1. Prior to the passage of § 761, the estate of an American killed upon the high seas under the American flag had no right of action for recovery of damages.

2. If the law of Venezuela permits no recovery, or if recovery is doubtful under its law, then perhaps an action may be maintained under American law by way of the Death upon the High Seas Act. That question will be met when it arises.

3. Plaintiff's rights in Denmark are equivalent to Workmen's Compensation.