**538**

Marilyn W. PEARSON, as Administratrix of the Goods, Chattels and Credits of John S. Pearson, deceased, Libelant,

v.

NORTHEAST AIRLINES, INC., Respondent.

United States District Court
S. D. New York.
Nov. 6, 1961.

Frank G. Sterritte, New York City, for libelant; Florindo M. De Rosa, New York City, of counsel.

Haight, Gardner, Poor & Havens, New York City, for respondent; William J. Junkerman, L. Anthony Zega, New York City, of counsel.

McGOHEY, District Judge.

The respondent has moved, pursuant to Admiralty Rule 58, 28 U.S.C.A., for summary judgment dismissing the libel on the grounds that it fails to state a claim upon which relief can be granted in Admiralty and that on the facts as conceded this Admiralty Court lacks jurisdiction of the subject matter.

The decedent concededly met his death when the respondent's airplane, on which he was a passenger, crashed on Nantucket Island, Massachusetts, on August 15, 1958. It is also conceded that he sustained no injury of any kind contributing to his death while the airplane was in flight over the sea either within or beyond one marine league from shore. Clearly, therefore, there is no basis for Admiralty jurisdiction under the Death on the High Seas Act.[1] And this is true even if, as contended, the crash on the land resulted from some negligence by the plane's owners or servants while it was in flight over the sea. Lacey v. L. W. Wiggins Airways;[2] Wilson v. Transocean Airlines;[3] Noel v. Airponents, Inc.;[4] Lavello v. Danko.[5] The Admiralty Extension Act[6] did not, as the libelant seems to suppose, change the rule announced and followed in the foregoing cases. This is clear from the statute's legislative history.

The libelant is also seeking recovery for her husband's death in a companion civil suit, 199 F.Supp. 539, pending in this district based on the Massachusetts Wrongful Death Statute. Massachusetts General Laws, Chapter 229, § 2 et seq.

The motion is in all respects granted.

Submit order on notice.

1. 46 U.S.C.A. § 761 et seq.
2. D.C., 95 F.Supp. 916.
3. D.C., 121 F.Supp. 85.
4. D.C., 169 F.Supp. 348.
5. D.C., 175 F.Supp. 92.
6. 46 U.S.C.A. § 740.