**Ruth M. NOEL et al., Libellants,**

v.

**UNITED AIRCRAFT CORP.,**
**Respondent.**

**No. 1781.**

United States District Court
D. Delaware.

Jan. 9, 1962.

———◇———

Murray M. Schwartz, Wilmington, Del., Stephen M. Feldman, Joseph G. Feldman, Philadelphia, Pa. (of Feldman & Feldman), Philadelphia, Pa., for libellants.

William Prickett, Wilmington, Del. (of Prickett, Prickett & Tybout), Wilmington, Del., for respondent.

LAYTON, District Judge.

In this action under the Death on the High Seas Act, 46 U.S.C.A. §§ 761–768, the estate of the decedent (Libellants) seeks to recover damages for decedent's death on a Venezuelan airliner which crashed into the sea on June 20, 1956, more than one marine league off the New Jersey coast. The suit is not against Linea Aeropostal Venezolana, the airline company, but rather against the manufacturer of the aircraft's propellers.

Some two years after this action was instigated and after a great deal of discovery had been had, Libellants moved to amend the complaint by adding a cause of action based upon an implied breach of warranty of fitness of the propellers.

Respondent has interposed a number of objections, disposition of which was temporarily delayed pending decision as to whether the law of Venezuela should govern the trial of this action. If so, the question of the amendment under United States law would become moot since Venezuela apparently does not recognize a cause of action for implied breach of warranty. It was the view of this Court that because the accident happened on a Venezuelan airliner over the high seas, the law of the flag of the airliner should govern the action.[1] See 191 F.Supp. 557. Accordingly, the parties were directed to furnish affidavits by experts on the law of Venezuela in an effort to ascertain whether the laws of that country provided a remedy under circumstances such as are here present. After a lengthy absence because of illness, the Court now approaches the disposition of that question.

The affidavits of Dr. Benson for the Respondent and of Dr. Nebreda for the Libellants have been filed and considered. Both experts agree that recovery under the Civil Aviation Code of Venezuela is precluded for the reason that the provisions of this Code apply only to air carriers or airlines and not to manufacturers of airplane parts. Both experts agree that where acts of third parties

---

1. The moving reason for the result was the reluctance of this Court to infringe upon the sovereignty and laws of a foreign land, despite the fact that the numerous contracts and relationships in this case with the United States suggested the possibility of jurisdiction by way of Sec. 1 of the Death on the High Seas Act.

(manufacturers of airplane parts as opposed to the airline companies themselves) form the grounds for the suit, recovery may be had by way of the general negligence provisions of the Civil Code.[2] However, Dr. Nebreda's affidavit goes on to state that insofar as concerns the Venezuelan law of conflicts, the Bustamante Code governs and, more specifically, Section 168 of said Code, which reads:

"Obligations arising from negligent acts or omissions not subject to criminal law, shall be governed by the law of the *place where the negligence has occurred.*" (Emphasis added.)

Dr. Nebreda therefore concludes as follows:

"In conclusion, the law which will apply to the present action will be the law of the place where the negligent act or omission occurred. If this negligent act or omission occurred in the United States, Venezuelan law will not apply."

Dr. Nebreda's affidavit was filed more than a month before that of Dr. Benson, who presumably had an opportunity to see it. Yet, the Benson affidavit fails to mention the Bustamante Code or make any reference to the conflicts question. Nor has Dr. Benson made any attempt to file a supplementary affidavit for the purpose of negating the conclusions reached by Dr. Nebreda. Accordingly, Nebreda's affidavit is accepted as authoritative.

Two important considerations are immediately presented, (a) under what law should this case be tried and (b) the obvious lack of interest which Venezuela has in asserting jurisdiction over this problem.

As to the first point, counsel are in the sharpest disagreement. Respondent asserts that the language of Sec. 168 of the Bustamante Code simply throws the matter back to the scene of the crash which occurred on a Venezuelan airliner on the high seas and, thus, by the principle of renvoi we return full circle to the proposition that Venezuelan law governs. Libellants, on the other hand, contend that the disputed language of the Bustamante Code means that the case is to be governed by the general Admiralty law of the United States. Whatever the answer may be, it is far from clear. It most certainly was never the intention of this Court in its opinion (191 F.Supp. 557) to foist off upon the Libellants a doubtful remedy. As was there said:

"If the law of Venezuela permits no recovery or if recovery, *is doubtful under its law,* then perhaps an action may be maintained under American law * * *."

The second consideration raised by the Nebreda affidavit is crystal clear, however, and that is that Venezuela has no particular interest in applying its own law to these facts but, rather, refers the parties to the law of the place where the "negligence has occurred", wherever that may be. This, then, removes from this case any fear of infringing upon the law of Venezuela, a fact of which this Court was unaware when it filed its opinion in 191 F.Supp. 557.

It is conceded that most of the important contacts and relationships in this case are with the United States rather than Venezuela.[3] The decedent was an American citizen. His intended trip originated in the United States. The propellers were not only manufactured in this country but sold to Linea Aeropostal Venezolana in this country. Respondent is a Delaware corporation. Applying the rationale of Lauritzen v. Larsen, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 and Romero v. International Terminal Oper-

---

2. As translated, this article states:
   "He who intentionally or negligently or imprudently has caused damage to another is obliged to repair it."

3. This Court noted in passing in 191 F. Supp. 557 that there were numerous con-

tracts between the parties and happenings in this case and the United States but was perhaps unduly concerned at that stage with the fear of interfering with the sovereignty and laws of Venezuela.

558

ating Co., 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368, it is the conclusion of this Court that this cause of action is maintainable exclusively under the law of the United States by way of section one of the Death on the High Seas Act.

Since Venezuelan law is here held inapplicable, the Court must now deal with Libellants' motion to amend its complaint by adding a cause of action based on breach of warranty of fitness. The point has already been extensively briefed and argued. However, in the event counsel should desire to file briefs supplementing those filed a number of months ago, these should be filed not later than January 29, 1962.