Ruth M. NOEL and William H. Frantz, Executors of the Estate of Marshal L. Noel, Deceased, and Sharon Noel and Marcia Noel, minors by their natural guardian, Ruth M. Noel, Patricia N. Reinhart and Ruth M. Noel in her own right, Plaintiffs-Appellants,

v.

LINEA AEROPOSTAL VENEZOLANA, Defendant-Appellee.

No. 346, Docket 28061.

United States Court of Appeals Second Circuit.

Argued May 1, 1963.

Decided June 19, 1963.

Stephen M. Feldman, of Feldman & Feldman, Philadelphia, Pa. (Harry Norman Ball and Joseph G. Feldman, of Feldman & Feldman, Philadelphia, Pa., and Lipper, Shinn & Keeley, New York City, on the brief), for plaintiffs-appellants.

William J. Junkerman, of Haight, Gardner, Poor & Havens, New York City (James B. McQuillan, of Haight, Gardner, Poor & Havens, New York City, on the brief), for defendant-appellee.

Before CLARK, SMITH and HAYS, Circuit Judges.

CLARK, Circuit Judge.

The action before us, based on the diversity jurisdiction of the court below, was brought "at law" as one of a series of suits commenced by the plaintiffs for damages for the death of Marshal L. Noel in an airplane crash at sea. Thus see Noel v. Linea Aeropostal Venezolana, 2 Cir., 247 F.2d 677, 66 A.L.R.2d 997, cert. denied 355 U.S. 907, 78 S.Ct. 334, 2 L.Ed.2d 262; Noel v. Airponents, Inc., D.C.N.J., 169 F.Supp. 348; Noel v. United Aircraft Corp., D.C.Del., 191 F. Supp. 557; Noel v. Linea Aeropostal Venezolana, Curtiss-Wright Corp., and Lockheed Aircraft Corp., D.C.S.D.N.Y., Adm. 194–61. The district court dismissed this action on the ground that the admiralty court was the sole forum available to plaintiff.

It will be noted that another of plaintiffs' suits, brought on the admiralty side of the court below, is there pending.

While the accident happened on June 20, 1956, the parties seem not near the trial on the merits which appears necessary for the conclusion of the litigation. Though it is never clearly stated, the procedural sparring which has occurred is really an effort by plaintiffs to recover the right of trial by jury, lost when the court held in earlier litigation that their action was only in admiralty under § 1 of the Death on the High Seas Act, 46 U.S.C. § 761, and when it presently so held, even though this action was brought under the law of Venezuela, made applicable by § 4 of that Act, 46 U.S.C. § 764.

█ Thus the plaintiffs are seeking to press the bifurcation of the court below into "sides" to advance successive theories of recovery of what is a single cause of action. In Bergeron v. Koninklijke Luchtvaart Maatschappij, 2 Cir., 299 F. 2d 78, we dismissed as interlocutory an appeal from a similar decision that admiralty had sole jurisdiction; and the same principle would seem applicable here to support the conclusion that there is no separate action available "at law." The ease of transfer from admiralty to the civil side and vice versa, to which we have often adverted, as in, e. g., McAfoos v. Canadian Pacific Steamships, Limited, 2 Cir., 243 F.2d 270, and cases cited at page 272, cert. denied 355 U.S. 823, 78 S. Ct. 32, 2 L.Ed.2d 39, makes the recognition of separate actions merely to assert differing legal theories quite out of place.[1] How little a decision on such a dividing up of a single cause actually settles is shown by our decision in the previous case of Noel v. Linea Aeropostal Venezolana, supra, 2 Cir., 247 F.2d 677, 66 A.L.R.2d 997, cert. denied 355 U.S. 907, 78 S.Ct. 334, 2 L.Ed.2d 262, holding that admiralty had jurisdiction under § 1 of the Act, 46 U.S.C. § 761, with a pointed suggestion that plaintiffs transfer their action to the admiralty side of the court for adjudication. All that resulted was that the plaintiffs then began this action. A single action should settle all the claims arising out of a single cause. So here we shall affirm, but on the ground that this was an excessive and unnecessary suit, since all the claims open to the plaintiffs can be raised by them in the action pending below. We do not now pass on the question whether the plaintiffs may be entitled to trial by jury of claims for pain and suffering and for loss of personal property, except to say that in any event this will present no obstacle to the trial of all claims at the same time and together—a result which is required from the standpoint of expedition and convenience.

Affirmed, with costs to the defendant.[2]

---

1. Of course this will be yet more obvious if pending plans of the Advisory Committees on Admiralty and Civil Rules for merger of the admiralty and civil rules materialize.

2. Defendant's motion to strike plaintiffs' appendix from their brief is denied as a futile and unnecessary gesture; defendant is fully protected by the award of costs which we make in its favor.