Ruth M. NOEL and William H. Frantz, executors of the Estate of Marshall L. Noel, deceased,

and

Sharon Noel and Marcia Noel, minors, by their natural guardian, Ruth M. Noel, Patricia N. Reinhart, and Ruth M. Noel in her own right, Libelants,

v.

LINEA AEROPOSTAL VENEZOLANA, Lockheed Aircraft Corporation, Curtiss-Wright Corporation and United Aircraft Corporation, Respondents.

No. 194 Adm. 61.

United States District Court
S. D. New York.

Nov. 29, 1966.

Lipper, Shinn & Keeley, New York City, Stephen M. Feldman, Harry Norman Ball, Joseph G. Feldman, Philadelphia, Pa., for libelants.

Haight, Gardner, Poor & Havens, New York City, for respondent Linea Aeropostal Venezolana. William J. Junkerman, Carroll E. Dubuc, New York City, of counsel.

OPINION

WEINFELD, District Judge.

The libelants' decedent met his death when a plane on which he was a passenger enroute from Idlewild International Airport, New York, to Maiquetia, Venezuela, flying at an altitude of about 8000 feet, suddenly exploded and crashed into the Atlantic Ocean about thirty

miles off the coast of Asbury Park, New Jersey.[1]

The plane was of Venezuelan registry and was owned and operated by Linea Aeropostal Venezolana (Venezolana), a Venezuelan government-owned corporation. A series of admiralty and civil actions were filed in this and other District Courts of the United States, not only against Venezolana, but also against the Lockheed Aircraft Corporation, the manufacturer and assembler of the plane; Curtiss-Wright Corporation, the manufacturer and assembler of its engines; United Aircraft Corporation, the manufacturer and assembler of the plane's propellers; and Airponents, Inc., which had inspected and serviced the craft prior to its departure.[2] With the exception of Venezolana, all other parties against whom recoveries were sought on one theory or another were domestic corporations. After much "procedural sparring,"[3] all unsuccessful, in an effort to obtain a jury trial, libelants finally recovered a judgment in a suit in admiralty against United Aircraft Corporation in the United States District Court for the District of Delaware under section 1 of the Death on the High Seas Act.[4] The District Court awarded damages in libelants' favor in the sum of $387,387.[5] Libelants challenged the award as inadequate and, after two successive appeals,[6] upon further proceedings they were awarded damages in the sum of $670,000 and the judgment entered thereon, together with interest as allowed, was paid by the United Aircraft Corporation.

Venezolana, one of four respondents in the instant libel, now moves for summary judgment and to dismiss the libel upon the ground that United Aircraft Corporation, an alleged joint tortfeasor, having satisfied the judgment entered under the Delaware decree, the libelants have been paid in full for all their losses and damages and are barred from any further recovery.[7] The libelants, in opposing dismissal, acknowledge they are not entitled to a double recovery of damages for the same injury.[8] They contend, however, that the Delaware decree encompassed only the pecuniary damages sustained by the widow and children and did not include damages for conscious pain and suffering or for the grief of the decedent's widow and children. While respondent questions this, it appears to be borne out by the pretrial order, as well as the rulings of the Third Circuit Court of Appeals when on two separate occasions it remanded the action for further consideration of the damage claims,[9] as well as by the trial court's opinions on the subject of damages.[10] Moreover, the great weight of authority holds that under section 1 of the Death on the High Seas Act, upon which the recovery against United was

1. About an hour after its departure, the plane developed engine trouble and signalled Idlewild that it was returning. The explosion and crash occurred during this return trip.

2. See Noel v. Linea Aeropostal Venezolana, 318 F.2d 710 (2d Cir. 1963), which lists some of the cases.

3. Id. at 711.

4. 46 U.S.C. § 761, 41 Stat. 537 (1920).

5. Noel v. United Aircraft Corp., 219 F. Supp. 556, 576 (D.Del.1963).

6. 342 F.2d 232 (3d Cir. 1965); 359 F.2d 671 (3d Cir. 1966).

7. The instant motion is made solely on behalf of Venezolana and is so treated by the court. Cf. Mantin v. Broadcast Music, Inc., 248 F.2d 530, 531 (9th Cir. 1957). Service of process was never effected upon United Aircraft in this District. Lockheed and Curtiss-Wright have not joined in this motion.

8. See St. Clair v. Eastern Air Lines, Inc., 302 F.2d 477, 479 (2d Cir. 1962); Cook v. United States, 274 F.2d 689, 692 (2d Cir. 1960); McPherson v. Amalgamated Sugar Co., 271 F.2d 809, 810 (9th Cir. 1959); United States v. Silliman, 167 F.2d 607, 613 (3d Cir.), cert. denied, 355 U.S. 825, 69 S.Ct. 48, 93 L.Ed. 379 (1948); Eberle v. Sinclair Prairie Oil Co., 120 F.2d 746, 748–749, 135 A.L.R. 1494 (10th Cir. 1941).

9. See 342 F.2d 232, 240 (3d Cir. 1965); 359 F.2d 671, 674 (3d Cir. 1966).

10. 219 F.Supp. 556, 576 (D.Del.1963).

made, damages are limited to the "pecuniary loss sustained by the persons for whose benefit the suit is brought." [11]

This libel against the respondent, Venezolana, is based upon section 4 of the Death on the High Seas Act,[12] which provides:

> "Whenever a right of action is granted by the law of any foreign State on account of death by wrongful act, neglect, or default occurring upon the high seas, such right may be maintained in an appropriate action in admiralty in the courts of the United States without abatement in respect to the amount for which recovery is authorized, any statute of the United States to the contrary notwithstanding."

The libel against Venezolana alleges three causes of action. Under the second and third [13] libelants claim, in addition to the laws of the United States, the benefit of the laws of Venezuela, specifically those which provide that when negligent acts committed aboard an airship of Venezuelan nationality and registry while outside Venezuela result in the death of a passenger, the damages, in addition to other elements, may be awarded for conscious pain and suffering of the decedent and for the mental anguish of his surviving spouse and children.[14] The libel appropriately pleads the applicable Venezuelan law.[15] Thus, libelants seek to enforce rights granted them under the laws of Venezuela which are in addition to the damages awarded under the Delaware decree.

The respondent, however, contends that Venezuelan law may not be applied, since in the Delaware suit the trial judge so concluded,[16] and in a companion action in the District Court of New Jersey against the company which inspected the plane before its takeoff that court similarly found that American, not Venez-

---

11. 46 U.S.C. § 762, 41 Stat. 537 (1920). See National Airlines, Inc. v. Stiles, 268 F.2d 400, 404, n. 4 (5th Cir.), cert. denied, 361 U.S. 885, 80 S.Ct. 157, 4 L.Ed. 2d 121 (1959); Middleton v. Luckenbach S.S. Co., 70 F.2d 326, 330 (2d Cir.), cert. denied, 293 U.S. 577, 55 S.Ct. 89, 79 L.Ed. 674 (1934); Montgomery v. Goodyear Tire & Rubber Co., 231 F.Supp. 447, 451–452 (S.D.N.Y.1964); Petition of Gulf Oil Corp., 172 F.Supp. 911, 914 (S.D.N.Y.1959); First Nat'l Bank In Greenwich v. National Airlines, Inc., 171 F.Supp. 528, 537 (S.D.N.Y.1958), aff'd, 288 F.2d 621 (2d Cir.), cert. denied, Kessler v. National Airlines, Inc., 368 U.S. 859, 82 S.Ct. 102, 7 L.Ed.2d 57 (1961); Decker v. Moore-McCormack Lines, Inc., 96 F.Supp. 369, 372 (D.C.Mass.1951). But see, Tetterton v. Arctic Tankers, Inc., 116 F.Supp. 429, 432 (E.D.Pa.1953), which has been described by Gilmore & Black, "The Law of Admiralty" § 6–33 (1957) as "exceptional" and decided "without discussion."

12. 46 U.S.C. § 764, 41 Stat. 537 (1920).

13. Damages are also claimed under Venezuelan law for lost baggage, but upon argument of this motion respondent's contention that an insurance carrier had paid the claim and that it had succeeded to the libelants' rights under a subrogation agreement was not disputed.

14. Cf. St. Clair v. Eastern Air Lines, Inc., 302 F.2d 477, 479–480 (2d Cir. 1962). In this case it was held that the recoveries in the separate actions against each of two joint tortfeasors were for pecuniary damages and did not include any other elements of damage and accordingly plaintiffs could not add the two recoveries together, but were entitled only to the maximum pecuniary damages awarded in the larger judgment. Implicit in the opinion, however, is that had there been a finding of damages for solatium and pain and suffering of the families, elements of damage permitted under the state statute in one of the actions, these damage items would have been allowed in addition to the maximum pecuniary damage award. But see Cook v. United States, 274 F.2d 689, 692 (2d Cir. 1962) (Magruder, C. J., dissenting).

15. Cf. Bergeron v. Koninklijke Luchtvaart Maatschappij, N.V., 188 F.Supp. 594 (S.D.N.Y.1960), appeal dismissed, 299 F. 2d 78 (2d Cir. 1962); Fernandez v. Linea Aeropostal Venezolana, 156 F.Supp. 94 (S.D.N.Y.1957); Iafrate v. Compagnie Generale Transatlantique, 106 F.Supp. 619, 622 (S.D.N.Y.1952).

16. 202 F.Supp. 556, 558 (D.Del.1962).

uelan, law controlled.[17] However, they are readily distinguishable [18] and not necessarily controlling.[19] In each the result was reached by application of the rationale of Lauritzen v. Larsen,[20] but in each instance the respondent was a domestic corporation; in each the acts charged occurred within the United States; and finally, the claims were asserted under section 1 of the Death on the High Seas Act.

The instant respondent is a Venezuelan corporation; its aircraft is Venezuelan registered; some of its acts of negligence, particularly those of omission over a period of time, occurred in Venezuela; the impact of the alleged negligent conduct took place on the high seas; and finally the claim rests upon section 4 of the Act. If anything, the opinion of the District Court in Noel v. Airponents, Inc. is adverse rather than favorable to respondent's contention.[21] Then District, now Court of Appeals Judge Smith specifically "noted that the claim for damages * * * is asserted only against the agency which had serviced the plane prior to its departure, a domestic corporation. There is no claim for damages here made against the foreign carrier." [22]

17. Noel v. Airponents, Inc., 169 F.Supp. 348, 351 (D.N.J.1958).

18. It should be noted it is not authoritatively settled that §§ 1 and 4 of the Death on the High Seas Act are mutually exclusive remedies as against a single defendant, much less as against joint tortfeasors. Compare Bergeron v. Koninklijke Luchtvaart Maatschappij, N.V., 188 F.Supp. 594, 596–597 (S.D.N.Y.1960), appeal dismissed, 299 F.2d 78 (2d Cir. 1962); The Vulcania, 32 F.Supp. 815 (S.D.N.Y.1940), modified, 41 F.Supp. 849 (S.D.N.Y.1941); The Vestris, 53 F.2d 847, 855–856 (S.D.N.Y.1931); with Fernandez v. Linea Aeropostal Venezolana, 156 F.Supp. 94, 96 (S.D.N.Y.1957); Iafrate v. Compagnie Generale Transatlantique, 106 F.Supp. 619 (S.D.N.Y. 1952). And cases dealing with similar statutory interpretation questions do not support the view that these sections are mutually exclusive. See Doyle v. Albatross Tanker Corp., 2 Cir., 367 F.2d 465 (personal representative of deceased seaman killed on the high seas may maintain concurrent actions under the Death on the High Seas Act and the Jones Act); McLaughlin v. Blidberg Rothchild Co., 156 F.Supp. 379 (S.D. N.Y.1957) (widow and child of deceased seaman may maintain concurrent action under the Death on the High Seas Act, the Jones Act, and Japanese law, the court noting that Japanese law permitted recovery of damages in addition to pecuniary loss); Petition of Gulf Oil Corp., 172 F.Supp. 911, 915–917 (S.D.N.Y.1959) (recovery is permissible for death on the high seas under both the Death on the High Seas Act and a state survival statute). See also, Safir v. Compagnie Generale Transatlantique, 241 F.Supp. 501, 508 (E.D.N.Y.1965); Montgomery v. Goodyear Tire & Rubber Co., 231 F. Supp. 447, 452 (S.D.N.Y.1964). Cf. Romero v. International Terminal Operating Co., 358 U.S. 354, 373, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959); Kernan v. American Dredging Co., 355 U.S. 426, 430 n. 4, 78 S.Ct. 394, 2 L.Ed.2d 382 (1958). Second, assuming the sections are mutually exclusive, it does not follow that the applicable section will necessarily be determined by choice of law concepts, especially if it results in foreclosing any remedy for the death. See Noel v. United Aircraft Corp., 191 F. Supp. 557, 558 n. 2 (D.Del.1961); Bergeron v. Koninklijke Luchtvaart Maatschappij, N.V., 188 F.Supp. 594, 597 (S.D.N.Y.1960), appeal dismissed, 299 F. 2d 78 (2d Cir. 1962). Cf. dissenting opinion of Magruder, C. J., in Cook v. United States, 274 F.2d 689 (2d Cir. 1962).

19. Whether American or Venezuelan law is applicable in a suit by Noel against Venezolana was not at issue in these prior adjudications, in neither of which was Venezolana a party defendant, and in each of which a domestic corporation was the sole defendant.

20. 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953). See also, Romero v. International Terminal Operating Co., 358 U.S. 354, 382, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959).

21. It is not without interest that Venezolana's proctor, who also was the proctor for respondent in *Airponents*, argued that the law of Venezuela, the aircraft's registry, applied. Noel v. Airponents, Inc., 169 F.Supp. 348, 351 (D.N.J.1958).

22. Noel v. Airponents, Inc., 169 F.Supp. 348, 350 (D.N.J.1958).

And so, too, the court, in Noel v. United Aircraft Corporation, emphasized "the case at bar is not against LAV [Venezolana], the airline, * * * but, rather, against * * * the manufacturer of the propellers * * *."[23] The claim here is against that foreign carrier. The additional damages for conscious pain and suffering and mental distress allowable under Venezuelan law, if libelants' allegations with respect thereto are upheld, present no conflict with the pecuniary damage claim allowable under section 1 of the Death on the High Seas Act.[24] There is but a single cause of action for wrongful death, whether the suit be grounded under section 1 or section 4. The difference, of course, is the elements of damage and, since under Venezuelan law additional elements of damage are recognized in such an action, libelants are entitled to assert their claims with respect thereto.

Finally, respondent asserts that death was instantaneous, thus precluding any recovery for conscious pain and suffering; however, libelants raise an issue of fact based upon testimony taken in the Delaware action. The fact that death came in a matter of minutes, or even less, does not necessarily preclude an award for conscious pain and suffering.[25] In any event, apart from that particular damage claim, there is the item recoverable under Venezuelan law for the mental suffering of the spouse and children of the deceased, somewhat akin to the loss of solatium.[26]

Respondent's motion for summary judgment and to dismiss the libel is denied.

---

23. Noel v. United Aircraft Corp., 219 F. Supp. 556, 558 (D.Del.1963).

24. Bergeron v. Koninklijke Luchtvaart Maatschappij, N.V., 188 F.Supp. 594 (S.D. N.Y.1960), appeal dismissed, 299 F. 2d 78 (2d Cir. 1962), is not to the contrary. Indeed, it holds that the remedy available to libelants, under the same circumstances as here presented, was under § 4 and not under § 1 of the Act, but that concurrent causes of action under both American law (§ 1) and foreign law (§ 4) were not maintainable. Here libelants as against this respondent seek their relief under § 4, which requires the application of Venezuelan law. And see n. 18, supra.

25. Petition of The A. C. Dodge, Inc., 282 F.2d 86, 88 (2d Cir. 1960); Civil v. Waterman S.S. Corp., 217 F.2d 94, 97–99 (2d Cir. 1954); Petition of Marina Mercante Nicaraguense, S.A., 248 F.Supp. 15 (S.D.N.Y.1965), modified in part, 364 F.2d 118 (2d Cir. 1966); Meehan v. Central R.R., 181 F.Supp. 594, 625 (S.D.N.Y.1960). See also, Grantham v. Quinn Menhaden Fisheries, Inc., 344 F. 2d 590 (4th Cir. 1965); Hickman v. Taylor, 75 F.Supp. 528, 533 (E.D.Pa.1947), aff'd, 170 F.2d 327 (3d Cir. 1948), cert. denied, 336 U.S. 906, 69 S.Ct. 485, 93 L.Ed. 1071 (1949).

26. See St. Clair v. Eastern Air Lines, Inc.; Cook v. United States, supra n. 14.